United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAMIEN HALL,

Petitioner,

v.

SAN FRANCISCO SUPERIOR COURT,

Respondent.

_________________________________/

No. C 09-5299 PJH

**ORDER TO SHOW CAUSE**

Petitioner Damien Hall (“Hall”), a state prisoner currently released on bail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On December 14, 2006, Hall was convicted by a jury in the San Francisco County Superior Court of assault with intent to commit forcible sexual penetration in violation of California Penal Code § 220. On September 19, 2007, the trial court sentenced him to two years in prison. Hall appealed, and the California Court of Appeal affirmed on June 16, 2009, and the California Supreme Court denied review on September 30, 2009.

**DISCUSSION**

**A. Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

United States District Court
For the Northern District of California

**B. Petitioner's Legal Claims**

Hall raises two claims for federal habeas relief: (1) that he was denied due process because the trial court's jury instruction on assault with intent to commit forcible sexual penetration failed to inform the jurors that lack of consent was an element of the offense; and (2) that he was denied due process because the trial court's jury instruction on assault with intent to commit forcible sexual penetration failed to inform the jurors that even if the victim did not consent, Hall could not be convicted if there was reasonable doubt as to whether he reasonably but mistakenly believed she had consented. The claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner is ordered to pay the filing fee required in habeas cases.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

3. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated: November 24, 2009

PHYLLIS J. HAMILTON
United States District Judge