United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAMIEN HALL,

    Petitioner,

    v.

VINCENT CULLEN, Acting Warden
of San Quentin State Prison,

    Respondent.
_____/

No. C 09-5299 PJH

**ORDER CLARIFYING RELEASE PROCEDURES**

    Earlier today, the court granted Hall's motion for release following its July 29, 2010 grant of a conditional writ of habeas corpus. Because the petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by a state prisoner, the case bears a civil case number. The case will continue to bear a civil case number, and any documents associated with this case and Hall's release shall bear that civil case number and contain the designation "habeas case."

    The court issues the instant order to clarify certain procedures relative to the impending release. In today's release order, the court required Hall's counsel to present Hall for the setting of release conditions on the first business day following his release on the calendar of the duty Magistrate Judge in the Oakland Federal Courthouse. The court noted that the duty Magistrate Judge for August is Judge Donna Ryu, who will set appropriate conditions that will include at a minimum, a bond secured by a surety other than Hall himself. Hall's counsel is directed to contact Judge Ryu's courtroom deputy for a date and time of appearance. Hall's counsel shall thereafter notify counsel for the

respondent regarding the date and time of the hearing regarding Hall's release conditions, and counsel for respondent will be permitted to present argument regarding the appropriate release conditions at the hearing. Additionally, consistent with this court's practice with respect to pretrial releasees, the Pretrial Services Office will interview Hall and his surety and recommend appropriate conditions to assist Judge Ryu in setting appropriate conditions.

Following that hearing, Hall will be supervised by the Pretrial Services Office as long as this case is pending before this court and during the pendency of any appeal respondent files with the Ninth Circuit. If respondent fails to file a notice of appeal by August 30, 2010, Pretrial Services will continue to monitor Hall until such time as respondent chooses whether to commence proceedings to re-try Hall in state court, which, pursuant to the court's July 29, 2010 order, is required to occur no later than October 27, 2010.

If respondent chooses to re-try Hall, then at the time the initiating documents are filed, the bond posted with this court shall be extinguished and Hall will no longer be subjected to the conditions imposed by this court and/or supervised by Pretrial Services, as Hall will then be returned to the custody of the state court and subject to that court's jurisdiction. Alternatively, if respondent chooses *not* to appeal this court's order and *not* to re-try Hall, then the bond posted before this court shall be extinguished, monitoring by this court's pretrial services will cease, and Hall will no longer be subject to any release conditions. Counsel for respondent shall immediately notify this court when a decision is made.

**IT IS SO ORDERED.**

Dated:   August 6, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

2